**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN AGBAY and MARIANNE AGBAY,

              Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

              Defendant.
                                                /

CASE NO. 11-14060

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT WELLS FARGO BANK
N.A.'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW**

Before the Court is Defendant Wells Fargo Bank, NA's ("Wells Fargo") Motion to Dismiss and/or for Summary Judgment (Doc. No. 2) and Plaintiffs' Counsel's Motion and Brief to Withdraw as Counsel (Doc. No. 6). The Court has reviewed all the filings relevant to these motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** both motions.

**I. FACTS**

On July 28, 2005, Plaintiffs John and Marianne Agbay, obtained a residential mortgage loan in the amount of $106,575.06 from American Home Mortgage (AHM). (See Doc. No. 1, Compl. at ¶ 7; Doc. No. 2, Ex. 1). Plaintiffs also executed a Mortgage securing the loan with property located at 7851 Big Hand Road, Columbus, Michigan. (Id.) The Mortgage identified AHM as the Lender, but it identified Mortgage Electronic Registration Systems, Inc. (MERS) as the "nominee for Lender." (Doc. No. 2, Ex. 2). The

Mortgage granted MERS the power of sale of the Property in the event of default. (Id.)

Plaintiffs defaulted by October 2008, and on January 22, 2009, MERS assigned the Mortgage to Defendant Wells Fargo. (Doc. No. 2, Ex. 3). The assignment was recorded on January 29, 2009. On March 15, 2009, Wells Fargo agreed to delay pursing its default remedies. (Doc. No. 2, Ex. 4). On May 26, 2009, the parties entered to a permanent Loan Modification Agreement that extended the loan due date, and capitalized $3,139.71 of past due payments. (Doc. No. 2, Ex. 5).

Plaintiffs again defaulted in 2010, and Defendant accelerated the loan balance. (Doc. No, 2, Ex. 6). In correspondence dated August 20, 2010, Trott & Trott P.C. ("Trott & Trott"), which represented Wells Fargo, notified Plaintiffs pursuant to Mic. Comp. Laws § 600.3205a(1), that the mortgage was in default and the total amount due under the loan was $97,394.37. (Doc. No. 2, Ex. 6). Trott & Trott also informed Plaintiffs that it had the authority to make agreements pursuant to Mich. Comp. Laws §§ 600.3205b and 600.3205c. (Doc. No. 2, Ex. 7). Trott & Trott provided a list of housing counselors and advised Plaintiffs that they could request a meeting within fourteen days of the notice to work out a modification. (Id.)

Plaintiffs requested a meeting under § 600.3205b. (Doc. No. 2, Ex. 9). In response to that request, Plaintiffs were told that the foreclosure process would be stayed until November 18, 2010, and they were asked to return specified documents, which would be reviewed in considering the modification request. (Doc. No. 2, Ex. 10). Plaintiffs did not return the modification documents, and were told that a loan modification review could not be completed without them. (Doc. No. 2, Ex. 11). Further, Plaintiffs were informed that

the foreclosure might proceed if the documents were not submitted by November 18, 2010. (Id.) On November 23, 2010, Plaintiffs requested additional time to comply based on Mrs. Agbay's medical emergency. (Doc. No. 2, Ex. 12).

On December 7, 2010, Defendant informed Plaintiffs that they would not receive a § 600.3205 review because their financial package was not received, and that foreclosure was scheduled for January 6, 2011. (Doc. 2, Ex. 13). Plaintiffs were instructed to contact Defendant to discuss loss mitigation options. (Id.) On December 30, 2010, Plaintiffs' attorney faxed Defendant and requested the sale be adjourned pending loss mitigation review and threatened litigation if Defendant refused. (Doc. No. 2, Ex. 14).

The sale was adjourned until March 10, 2011. (Doc. No. 2, Ex. 15). Plaintiffs did not redeem the property before the redemption period expired. Instead, they filed suit in St. Clair County Circuit Court, alleging the following causes of action: Invalid Assignment (Count 1), Violation of the Michigan Foreclosure by Advertisement statute (Count 2), Violation of the Michigan Statutory Modification Law (Count 3), Violation of Mortgage Brokers, Lenders, and Servicer Licensing Act (Count 4); Declaratory Relief, Failure of Condition Precedent, Code of Federal Regulations (Count 5), Declaratory Relief, Foreclosure Barred by Unclean Hands (Count 6), Breach of Contract, Implied Duty of Good Faith and Fair Dealing (Count 7), Violation of the Federal Fair Debt Collection Practices Act (Count 8), Violation of the Michigan Fair Debt Collection Practices Act (Count 9), Intentional Fraud (Counts10), Constructive Fraud (Count 11), Breach of Contract (Count 12), Promissory Estoppel (Count 13), Violation of the Michigan Consumer Protection Act (Count 14), and Unjust Enrichment (Count 15). Wells Fargo removed this

action and filed a Motion to Dismiss and/or for Summary Judgment.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 56(a) authorizes a court to grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

### III. ANALYSIS OF DISPOSITIVE MOTION

Defendant moves for dismissal of all counts of the Complaint. Before addressing the merits of the motion, the Court must decide which standard of review to employ. In support of the motion, Defendant provides documents, including the Note, Mortgage, Assignment of Mortgage, Forbearance Agreement, Loan Modification Agreement, correspondence relevant to these documents, and the Sheriff's Deed.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6). . .matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Nevertheless, a court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

Here, the added materials "are referred to in the [ ]complaint and are central to [the] claim[s]," Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997), or are materials "whose accuracy cannot reasonably be questioned" Bowers v. Wynne, 615 F.3d 455, 470 (6th Cir. 2010) (Rogers, J., concurring). Therefore, the Court assesses the merits of Defendant's motion under Rule 12(b)(6).[1] See also Winget v. JP Morgan Chase Bank,

---

[1] Plaintiffs' counsel filed an affidavit asserting that Plaintiffs needed additional discovery into several matters, including facts going to the assignment of the Note, paperwork requested during the modification process and authority to modify, whether Wells Fargo owns the loan, and the identity of the person who represented to Plaintiffs that their loan would be permanently modified "only if they allowed themselves to fall into default." (Doc. No. 4, Ex. A). Because the Court is reviewing this matter under Rule 12(b)(6), discovery would not alter the analysis. See New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1051 (6th Cir. 2011).

N.A., 537 F.3d 565, 576 (6th Cir. 2008). Accordingly, the Court directs its attention to the arguments challenging the viability of the claims.

### A. Statutory Foreclosure Claims (Counts I-3)

The first three counts of Plaintiffs' Complaint challenge the validity of the foreclosure sale. In Count I, Agbays allege that the Assignment from MERS to Wells Fargo was invalid; in Count II, Agbays allege Defendant failed to allow them the opportunity to participate in the modification process; and in Count III, Agbays allege that Defendants failed to satisfy a condition precedent to statutory foreclosure. Agbays have failed to state a claim in any of the three counts.

To support Count I, Plaintiffs argue that AHM filed for bankruptcy in 2007, and it never assigned its interest to Wells Fargo. MERS, as nominee for AHM assigned the mortgage in 2009, after AHM "ceased to exist." (Doc. No. 4 at 6). Based on these facts, Agbays conclude that Wells Fargo lacked a proper chain of title. The Court disagrees. Plaintiffs' position renders them foreclosure-proof because no one could foreclose on the mortgage, despite their failure to make payments.

Moreover, under Mich. Comp. Laws § 600.3204(1)(d), "the party foreclosing the mortgage" need only be "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." The Michigan Supreme Court, in Residential Funding Co., LLC v. Saurman, 805 N.W.2d 183 (Mich. 2011), reviewed the statutory language and held that MERS, acting as nominee of the lender, was authorized to foreclose by advertisement. The reasoning likewise applies to assignees of MERS. See Fortson v. Fed. Home Loan Mortg., No. 12-10043, 2012 WL

1183692 at *4 (E. D. Mich. Apr. 9, 2012) (holding that an assignment by MERS prior to a foreclosure sale by the assignee comports with the statute).  Therefore, case law as well as language in the Mortgage demonstrate that Wells Fargo had authority to foreclose by advertisement.

Moreover, Plaintiffs' reliance on the endorsement of the Note in blank as a basis to challenge the foreclosure sale likewise is misplaced.  The endorsement does not violate the foreclosure statute.  See Mich. Comp. Laws § 440.3204(d)(1).  As is the case here, when an instrument is endorsed in blank if "becomes payable to bearer and may be negotiated by transfer of possession alone.  Mich. Comp. Laws § 440.3205.  Therefore, AHM's corporate status is immaterial.

In support of Count II of their Complaint, Plaintiffs allege that Wells Fargo violated the foreclosure by advertisement statute because it never allowed them the opportunity to participate in the modification process.  Pursuant to Mich. Comp. Laws § 600.33204, when a mortgagor is eligible for a loan modification, foreclosure by advertisement is not available.  Consequently, Defendant was required to pursue a judicial foreclosure.

Plaintiffs' allegations ignore the parties' correspondence.  (See Doc. No. 2, Exs. 7-12).  Agbays were invited to participate in loan modification.  They conceded that they never provided the requested documents to Wells Fargo within the ninety-day deadline in their responsive pleading, when they asserted that they are entitled to equitable tolling based on Mrs. Agbay's medical emergency.

In an attempt to overcome their failure to meet the deadline, Plaintiffs rely on case law addressing statutes of limitation.  See Robertson v. Simpson, 624 F.3d 781 (6th Cir.

2010) (holding that the doctrine should on applied in "rare circumstances to prevent injustice and provide the plaintiff with his day in court). Agbays provide no legal authority to support the application of tolling to a party's failure to comply with the deadline for supplying documents under § 600.3205(b)(2). Accordingly, Wells Fargo committed no violation in declining to extend the deadline.

Lastly, in Count III, Agbays allege that Defendant failed to satisfy a condition precedent to statutory foreclosure. Section 600.3205a(1)(c) requires the foreclosing entity to designate a person authorized to enter into loan modification agreements and to notify them, thereby enabling them to contact that person and attempt to work out a loan modification. According to Plaintiffs, the law firm should have identified a person to enter into a loan modification, and further, Plaintiffs assert that Trott & Trott lacked authority to make loan modifications.

> Here, the letter sent to Plaintiffs by Trott & Trott reads in relevant part:
>
> This notice is being sent to the borrowers and/or mortgagors pursuant to MCL 600.3205a(1) pertaining to the mortgage for property located at 7851 Big Hand Rd, Columbus MI 48063–3305. The mortgage loan is in default for non-payment. As of the date of this notice, the total amount due and owing under the mortgage loan is $97,394.37.
>
> Trott & Trott, P.C., represents Wells Fargo Bank N.A., which is the creditor to which your mortgage debt is owed or the servicing agent for the creditor to which the debt is owed.
>
> The agent designated by the Mortgage Servicer and/or Mortgage Holder to contact and that has authority to make agreements under MCL sections 600.3205b and 600.3205c is:
>
> **Trott & Trott, P.C. 31440 Northwestern Highway, Suite 200, Farmington Hills MI 48334–2525 at (248) 593–13090 or fax written requests to (248) 205–4112 and reference T & T # 242210F02**

> Enclosed with this notice is a list of housing counselors prepared by the Michigan State Housing Development Authority (MSHDA). Within 14 days of the date of this notice, you may request a meeting with the agent designated above to attempt to work out a modification of the mortgage loan to avoid foreclosure by contacting a housing counselor from the list provided with this notice. You may also request a housing counselor to attend the meeting.
>
> If you request a meeting with the agent designated above by contacting a housing counselor from the list provided with this notice within 14 days of the date of this notice, foreclosure proceedings will not be commenced until 90 days after the date of this notice. For this provision to be applicable, the request for a meeting must be made despite any independent loss mitigation options you may be pursuing with your lender.
>
> If you and the agent designated above reach an agreement to modify the mortgage loan, the mortgage will not be foreclosed if you abide by the terms of the agreement.

(Doc. No. 2, Ex. 7, August 10, 2010 Letter) (emphasis in original).

Here, the letter satisfies the statute. Even if it did not, Plaintiffs never submitted loan documentation. In sum, their claim fails to state a claim upon which relief can be granted.

### B. Violation of Mortgage Brokers, Lenders, and Servicer Licensing Act (Count 4)

Plaintiffs advance a claim under the Mortgage Brokers, Lenders, and Servicer Licensing Act ("MBLSLA"), Mich. Comp. Laws § 445.1672 et seq., in Count 4 of their complaint. The MBLSLA prohibits fraud, deceit, or making material misrepresentations in connection with any transaction governed by the Act. See § 445.1672(b). According to Plaintiffs, Wells Fargo failed to conduct its business in compliance with the law, engaged in fraud, failed to provide them with material disclosures of information, and failed to handle the mortgage escrow account as required by the statute. (Doc. No. 1, Compl. at ¶ 78(a)-(e)).

9

Because the state statute explicitly exempts any "depository financial institution," Mich. Comp. Laws § 445.1675(a), and Wells Fargo meets the definition of a depository financial institution, Plaintiffs have failed to state a claim in Count 4. See Mich. Comp. Laws § 445.1651a(f) (defining a depository financial institution to include "a state or nationally chartered bank, a state or federally chartered savings and loan association, savings bank, or credit union, or an entity of the federally chartered farm credit system"). Accordingly, the Court dismisses Count 4 of the Complaint.

### C. National Housing Act (Count 5)

In Count 5 of their Complaint, Agbays allege that Defendant failed to meet with them face-to-face to discuss loss mitigation alternatives in violation of 24 C.F.R. 203.604. (Doc. No. 1, Compl. at ¶ 84). The cited regulation was promulgated in connection with the National Housing Act ("NHA"), 12 U.S.C. § 1701, et seq; see 24 C.F.R. Part 203, Subpart C (governing relations between the mortgagee and the government). Neither the Act itself nor the regulations, sustains a claim for a duty owed to a mortgagor, or a remedy available to a mortgagor for the mortgagee's failure to follow those regulations. Federal Nat'l Mortg. Ass'n v. LeCrone, 868 F.2d 190, 193 (6th Cir. 1989). In sum, there is no private right of action available to Agbays for Wells Fargo's noncompliance, and Agbays failed to state a claim for which relief can be granted in Count 4 of their Complaint.

### D. Declaratory Judgment (Count 6)

In Count 6 of their Complaint, Agbays assert that Wells Fargo has unclean hands based on its bad faith in handling Plaintiffs' loan modification request. (Doc. No. 1, Compl. at ¶ 96). "The clean hands maxim is a self-imposed ordinance that closes the doors of a

court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." McFerren v. B & B Inv. Group, 655 N.W.2d 779, 783 (Mich. Ct. App. 2002) (internal quotations and citations omitted).

The doctrine acts as a equitable defense. Here, Agbays present the doctrine as a cause of action. It cannot be used in this manner. Heritage Broad. Co. v. Wilson Commc'ns, Inc., 428 N.W.2d 784, 787 (Mich. Ct. App. 1988). Accordingly, Count 6 fails to state a claim and must be dismissed under Rule 12(b)(6).

### E. Breach of Implied Covenant (Count 7)

Count 7 advances a claim for breach of an implied duty of good faith and fair dealing based upon Wells Fargo's denial of Plaintiffs' loan modification request. Agbays assert that because Wells Fargo had discretion to determine whether Plaintiffs qualified for a HAMP or statutory modification," under Michigan law, it had to exercise that discretion in good faith. (Doc. No. 1, Compl. at ¶¶ 99-103). Plaintiffs rely on ParaData Computer Networks, Inc. v. Telebit Corp., 830 F.Supp. 1001 (E. D. Mich.1993) to support their claim. Notably, in Paradata, the district court confirmed Plaintiffs' recitation of state law: "Michigan courts will recognize an action for breach of an implied covenant of good faith and fair dealing where a party to a contract makes the manner of its performance a matter of its own discretion." Id. at 1005.

The case is not helpful to Plaintiffs in this case. Even if they are correct that HUD granted Wells Fargo discretion to determine qualification for a HAMP modification, Plaintiffs are not a party to the agreement between HUD and Wells Fargo. Secondly, the Mortgage

11

expressly authorized foreclosure by advertisement in the event of a default; thus, the decision was not discretionary. Finally, no independent cause of action for breach of an implied covenant of good faith and fair dealing is recognized under Michigan law. Belle Isle Grill Corp. v. City of Detroit, 666 N.W.2d 271, 279 (Mich. Ct. App. 2003). Therefore, Count 7 must be dismissed.

### F. Fair Debt Collection Practices Act (Count 8)

In Plaintiffs' FDCPA claim, they assert that Defendant failed to give the validation notice as required by 15 U.S.C. § 1692g, misrepresented the terms of the debt, including the amount due, make false threats to initiate legal action in violation of 15 U.S.C. §(1692e(5), and continued to communicate with Plaintiffs after receiving notification that they were represented by counsel in violation of 15 U.S. C. § (1692c(a)(2). (Doc. No. 1, Compl. at ¶ 105 (a)-(f)). The FDCPA, which was enacted to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The plain language of 15 U.S.C. § 1692a(6)(F)(ii) excludes as a "debt collector," a creditor who is collecting his or her own debt. Case law likewise supports that Wells Fargo, in collecting its own debt, is not subject to the act. See Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003) (noting that "the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors"). Accordingly, the FDCPA claim against Wells Fargo fails to state a claim for which relief can

12

be granted.

### G. Michigan Fair Debt Collection Practices Act (Count 9)

Although Plaintiffs caption Count 9 of their Complaint as Michigan Fair Debt Collection Practices Act, they allege that Wells Fargo violated the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901 et seq. through the following conduct: (1) failure to give Plaintiffs validation of their debt; (2) misrepresentation of the amount due; (3) threatened to initiate legal action; and (4) communication with Plaintiffs after receiving notice that Plaintiffs were represented by counsel. (Doc. No. 1, Compl. at ¶ 109).

Wells Fargo asserts that the Complaint fails to identify any contacts or to assert that the contacts were outside normal billing procedures. See § 339.915(h) (allowing communication with a debtor through billing procedure). Consequently, this count contains no facts to plausibly demonstrate a violation of the MOC. It merely includes boilerplate allegations of wrongs with no articulation of how and when Wells Fargo violated the act.

Finally, courts have held that that the MOC does not apply to mortgage foreclosures. Soto v. Wells Fargo Bank, N.A., 11-14064, 2012 WL 113534 (E.D. Mich. Jan. 13, 2012) (observing that courts use the FDCPA to analyze claims under state statutes that mirror it); Lovelace v. Stephens & Michaels Assocs., No. 07-10956, 2007 WL 3333019 at *2 (E. D. Mich. Nov. 9, 2007) (declining to address a claim under the Regulation of Collections Practices Act as duplicative of claims under the FDCPA ).Therefore, Wells Fargo's efforts to enforce the mortgage through foreclosure proceedings does not constitute debt collection.

### J. Intentional Fraud and Constructive Fraud (Counts 10 and 11)

To state a claim for fraud in Michigan, a plaintiff must show:

(1) That the defendant made a material representation; (2) that it was false;

13

(3) that at the time the representation was made the defendant knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that the defendant made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

Hi–Way Motor Co. v. Int'l Harvester Co., 247 N.W.2d 813, 816 (Mich. 1976).  In their claim of intentional fraud, Plaintiffs allege that Wells Fargo represented that Plaintiffs would be granted a permanent loan modification, then denied Plaintiffs' request for modification and foreclosed on Plaintiffs' home.  (Doc. No. 1, Compl. at ¶¶ 112, 113).  To support their claim of constructive fraud, Agbays rely on the same allegations, but add that Wells Fargo lacked a "purposeful design to defraud" them.  (Doc. No. 1, Compl. at ¶ 122).

Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be pleaded with particularity, including the time, place, and manner of each act of fraud. Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).  "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant to answer, addressing in an informed way the plaintiff's claim of fraud."  Kashat v. Paramount Bancorp, Inc., No. 09–10863, 2010 WL 538295 at *4 (E.D. Mich. Feb 10., 2010).  Where a party fails to meets its Rule 9(b) burden, dismissal is warranted. Haigh v. Orlans Associates, P.C., 12-10867, 2012 WL 1365081 (E.D. Mich. Apr. 19, 2012).

No such specificity has been pleaded in this case, and Plaintiffs failed to meet their pleading burden.  In addition, Plaintiffs claim that they were promised a loan modification should they qualify; however, they failed to complete the modification process.  Therefore, no determination could be made as to their qualification for modification, and their claim cannot survive a Rule 12(b)(6) challenge.

### I. Breach of Contract (Count 12)

In Count 12 of their Complaint, Plaintiffs allege that:

> prior to the commencement of foreclosure proceedings the parties had a binding contract that required Defendant to send a HAMP modification package to Plaintiffs via overnight mail, after the completion of their trial period, containing the same mortgage payment amount and other terms as those set for during the trial period.

(Doc. No. 1, Compl. at ¶ 126).

As previously stated, Agbays have no standing to enforce the terms of HAMP. See, e.g., Brown v. Bank of New York Mellon, No. 1:10-550, 2011 WL 206124 (W. D. Mich. 2011); Edwards v. Aurora Loan Servs., LLC, __F.Supp.2d__, No. 09 Civ. 2100, 2011 WL 2340939, at *4–6 (D.D.C. June 14, 2011). Therefore, they have failed to state a claim for breach of contract.

### J. Promissory Estoppel (Count 13)

In support of this claim, Plaintiffs allege that they relied to their detriment on the promises made by Wells Fargo to permanently modify their mortgage loan. (Doc. No. 1, Compl. at ¶ 132). They continued to make mortgage payments they otherwise would not have made, and refrained from exercising other rights. (Id.) Despite its promises, Wells Fargo never modified their loan permanently.

The statute of frauds prohibits an action against a financial institution "to enforce any commitment to modify a loan "unless the promise is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2)(b). The plain language of the statute of frauds renders any oral agreement by Wells Fargo unenforceable. Crown Technology Park v. D & N Bank, FSB, 619 N.W.2d 66, 72 (Mich.

Ct. App. 2000). See also Cadle Co. II, Inc. v. P.M. Group, Inc., No. 275099, 2007 WL 3119569, at *2 (Mich. Ct. App., Oct. 25, 2007) (holding that where no authorized representative of the bank signed a modification or waiver, the alleged agreement to modify or waive the guaranty was unenforceable under § 566.132(2)).

### K.  Michigan Consumer Protection Act (Count 14)

In Count 14 of their Complaint, Agbays allege that by Wells Fargo's methods and practices violated the Michigan Consumer Protection Act ("MCPA"), 445. 901 et. seq. The claim must be dismissed inasmuch as the MCPA does not apply to mortgage transactions. See  See Mich. Comp. Laws § 445.904(1)(A); Berry v. Bank of America, N.A., 2009 WL 4950463 (E.D. Mich. Dec. 16, 2009); Newton v. Bank West, 686 N.W.2d 491, 493 (Mich. Ct. App. 2004) (observing that "[b]y its express language, [ ], the MCPA exempts from itself "transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States"). Therefore, the Court grants Defendant's request for dismissal of this count.

### L.  Unjust Enrichment (Count 15)

According to the Complaint, Defendant received and retained unwarranted benefits from Plaintiffs–specifically, "each and every payment Plaintiffs made since the date they requested modification under HAMP." (Compl. at ¶ 141).

In this case, a contract covers the subject matter, the Mortgage and Note govern the rights and obligations of the parties.  Therefore a claim of unjust enrichment cannot survive. Belle Isle Grill Corp. v. Detroit, 666 N.W.2d 271 (Mich. Ct. App. 2003).

## IV.  ANALYSIS OF MOTION TO WITHDRAW

While Wells Fargo's motion was pending, the law firm of Gantz Associates filed a Motion to Withdraw as Counsel for Plaintiffs (Doc. No. 6).  In support of the motion, counsel asserts that Plaintiffs failed to pay their bill, and the failure has caused substantial economic hardship.

Pursuant to E.D. Mich. LR 83.30(a), an attorney may withdraw his appearance by motion only upon leave of this Court.  Further, "[t]he Rules of Professional Conduct adopted by the Michigan Supreme Court" apply to the attorneys who practice in this court.  E.D. Mich. LR 83.22(b) govern the practice.  Accordingly, the Court considers Rule 1.16(b) of the Michigan Rules of Professional Conduct, which governs the termination of representation.  Rule 1.16(b) states that an attorney may withdraw representation "if withdrawal can be accomplished without material adverse effects on the interests of the client or if" among other things:  "a client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services" provided the lawyer has given warning that withdraw will occur "unless the obligation is fulfilled;" (see Rule 1.16(b)(4)); or "representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client" (see Rule 1.16(b)(5)).

It is undisputed that Plaintiffs have failed to pay their legal fees since the date counsel was retained.  Counsel contends that Plaintiffs' inability to pay appears to be permanent, not temporary.  Although Plaintiffs have discussed the case with counsel, and made several promises to pay, they have not done so.  Lastly, counsel asserts that there has been a breakdown in communication

The Court observes that a copy of this motion has been served on Plaintiffs. They have not objected. Therefore, in light of the breakdown in the relationship, and counsel's representation that it cannot adequately represent Plaintiff's interests, the Court finds the motion should be granted.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion. Because none of the counts pleaded in the Complaint survive, this matter is **DISMISSED** in its entirety.

Further, for the reasons stated above, the Court grants the motion to withdraw.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date:  July 25, 2012


### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to Plaintiffs', and all Counsel of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager